UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

MARTIN PENA,

    Plaintiff,

v.

SERGIO'S RESTAURANT #5, INC.,
a Florida Corporation

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, MARTIN PENA (hereafter referred to as "Plaintiff"), by and through undersigned counsel, and sues Defendant, SERGIO'S RESTAURANT #5, INC., a Florida Corporation (hereafter referred to as "Defendant"), and in support thereof states as follows:

## INTRODUCTION

This is an action by Plaintiff for declaratory relief and damages, as permitted under State and Federal law, to redress Defendant's discriminatory, harassing, and retaliatory employment practices against Plaintiff because of his sex, sexual orientation, and disability.

## JURISDICTION, PARTIES, & VENUE

1. This is an action by the Plaintiff exceeding the jurisdictional limits of this Court excluding attorney's fees or cost for damages pursuant to 28 U.S.C. Sections 1331 and 1343, in as much as the matter is in controversy is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq., the American with Disabilities Act of 1990, 42 U.S.C. Sec. 1211, *et seq.* (hereafter referred to as "ADA") and the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760 *et seq.* (hereafter referred to as "FCRA"), to

redress injury done to the Plaintiff by the Defendant for discriminatory treatment on the basis of sex/gender ,sexual orientation, disability, and retaliatory discharge found on Plaintiff's complaint of discrimination in the workplace.

2. Plaintiff is a resident of Miami-Dade County, Florida, and Defendant is situated in Miami-Dade County, Florida within the jurisdiction of this Honorable Court.

3. Defendant is a Florida Corporation doing business in Miami-Dade County, Florida

4. Defendant is a "person" and/or an "employer" pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq., since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute.

5. Defendant is a "person" within the purview of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

6. At all times material hereto Defendant is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

7. At all times hereto, Plaintiff was an "employee" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

8. Defendant was a "person" and/or "employer" pursuant to Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760.01, *et seq.* since it employs fifteen or more employees for the applicable statutory period; and it is subject to employment discrimination provisions of the applicable statute, the FCRA.

9. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760.01, et seq.

10. At all times material hereto Defendant was an "employer" within the meaning of Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760.01, et seq.

11. At all times material hereto Plaintiff was an "employee" within the meaning of Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760, et seq.

12. At all times material hereto, Plaintiff is an "employee" within the meaning of the ADA 42 U.S.C. Sec. 1211, *et seq.*

13. At all times material hereto, Defendant is an "employer" within the meaning of the ADA 42 U.S.C. Sec. 1211, *et seq.*

14. Plaintiff is a male former employee of the Defendant and is a member of a class of persons protected from discrimination in his employment.

15. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations, the agencies which are responsible for investigating claims of employment discrimination.

16. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

17. Plaintiff is a gay male and is a member of a class of persons protected from discrimination in his employment under 42 U.S.C.A. § 1981 and Title VII of the Civil Rights Act, as amended.

18. On or about September of 2015, Plaintiff began his employment with Defendant as an assistant manager.

19. During his time of employment as an assistant manager with the Defendant, the Plaintiff was subject to disparate treatment and discrimination on account of his sexual orientation.

20. After being hired by Defendant, Plaintiff met with the Human Resources Director, Elsa Varela. During the meeting, Ms. Varela began asking Plaintiff several person questions including if Plaintiff was married and the name of his wife.

21. Plaintiff responded by saying he did not have a wife but a husband. Ms. Varela laughed at Plaintiff's response.

22. Plaintiff asked Ms. Varela why she was laughing, and she responded that she thought he was joking.

23. On or about February of 2017, was transferred to Defendant's location at 8807 SW 107th Avenue, Miami, Florida 33176.

24. At the new location, Plaintiff's manager, Yanetsi Bueno, began making negative comments about Plaintiff's sexual orientation.

25. Ms. Bueno stated to Plaintiff that she does accept homosexuality because she is Christian.

26. On one occasion, Ms. Bueno told Plaintiff that there was a party of homosexuals at the restaurant. Ms. Bueno's tone of voice was offense and she looked at Plaintiff with an offended face.

27. Ms. Bueno made constant negative comments about homosexuality, creating a hostile work environment.

28. On or about June June 8, 2017, Plaintiff was diagnosed with adjustment disorder with mixed anxiety and depressed mood by Dr. Leonardo Alsono.

29. Plaintiff reported his diagnosis to Defendant.

30. On or about November 3, 2017, Plaintiff had a meeting with Mr. Gibran from Human Resources regarding Plaintiff's performance according to Ms. Bueno.

31. During the meeting, Plaintiff made complaints and reported the hostile work environment being created by Ms. Bueno due to his sexual orientation. Mr. Gibran immediately ended the meeting when Plaintiff stated Defendant's unlawful practices.

32. On or about March 23, 2018 Plaintiff went to hospital exhibiting symptoms of stress, depression, and anxiety.

33. On or about March 24, 2018, Plaintiff reported his medical situation to Esteban Amaro, operations manager, and that he needed time off from work due to his medical condition.

34. Mr. Amaro replied by stating that he knew exactly what Defendant had to do with him.

35. Plaintiff proceeded to report his medical condition to Mr. Gibran and that he needed time off from work and was going to apply for FMLA. Mr. Gibran replied that Plaintiff had to go work at Defendant's Pembroke Pines location.

36. Plaintiff had a medical note from Dr. Jorge A. Gonzalez that Plaintiff needed to be out of work indefinitely starting March 25, 2018 until cleared to return after further evaluation.

37. Plaintiff provided the medical note to Defendant, yet Mr. Gibran was requiring Plaintiff to continue working.

38. Plaintiff has a disability within the meaning of 42 U.S.C. §12102. Plaintiff's medical condition substantially limits his ability to go to work, a major life activity.

39. Plaintiff was qualified for the position of assistant manager.

40. On or about March 28, 2018, as a result of Defendant's discrimination for sexual orientation and disability discrimination, Plaintiff was constructively discharged by Defendant.

## COUNT I
## SEXUAL ORIENTATION DISCRIMINATION

41. Plaintiff reasserts his allegations in paragraphs 1-40 as fully set forth herein.

42. Section 200e-2 of Title VII of the Civil Rights Act of 1964 states in relevant part:

> "(1) It shall be an unlawful employment practice for an employer:
>
> a) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin."

43. As part of its prohibitions, Title VII prohibits discrimination based on sexual orientation.

44. Plaintiff is a gay male and is a member of a class of persons protected from discrimination in his employment under 42 U.S.C.A. § 1981 and Title VII of the Civil Rights Act, as amended.

45. The conduct to which Plaintiff was subjected was severe, pervasive, physically threatening, humiliating, and unreasonably interfered with Plaintiff's work performance violation of Title VII.

46. Plaintiff was discriminated against by Defendant on the basis of his sexual orientation by subjecting him to disparate treatment and discrimination by terminating his employment.

47. Defendants' alleged basis for its adverse conduct against Plaintiff and Plaintiff's constructive discharge are pre-textual and asserted only to cover up the harassing and discriminatory nature of its conduct.

48. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's constructive discharge, which reasons it does not have, Defendant's sexually harassing conduct toward Plaintiff, and the aforementioned sexual comments/conduct and advances were also motivating factors for Defendant's adverse conduct toward Plaintiff and Plaintiff's constructive discharge.

49. As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination against him, Plaintiff could no longer bear working for Defendant and thus was constructively discharged.

50. As a result of the discriminatory conduct to which the Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff according demands lost economic damages in the form of back-pay and front-pay, interest, lost benefits, and compensatory damages.

51. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

52. Plaintiff further seeks his attorney's fees and cost as permitted by law.

WHEREFORE, Plaintiff respectfully requests for the entry of a judgment against Defendant and an award of economic damages in the form of back-pay and front-pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages and attorney's fees and cost as a result of Defendant's conduct in violation of Title VII.

## COUNT II
## RETALIATION

53. Plaintiff reasserts his allegations in paragraph 1- 40 as fully set forth herein.

54. Section 200e-2 of Title VII of the Civil Rights Act of 1964 states in relevant part:

> "(1) It shall be an unlawful employment practice for an employer:
>
> > (a) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms,

conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin."

55. Title VII accordingly prohibits retaliation against an employee for reporting conduct which would violate the terms of Title VII.

56. Plaintiff's complaint to Mr. Gibran from Human Resources is a protected activity under Title VII, for which he could not be adversely affected.

57. Despite Plaintiff's complaint, he continued to endure discrimination by Defendant. Defendant did not investigate, nor tried to correct the issue.

58. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

59. Defendant's alleged basis for its adverse conduct against the Plaintiff and Plaintiff's constructive discharge are pre-textual and asserted only to cover up the discriminatory nature of its conduct.

60. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's constructive discharge, which reasons it does not have, Defendant's discriminatory conduct toward Plaintiff, and the aforementioned comments/conduct were also motivating factors for Defendant's adverse conduct toward Plaintiff and Plaintiff's constructive discharge.

61. As a result of the discriminatory conduct to which the Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience

emotional anguish, pain and suffering, and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back-pay and front-pay, interest, lost benefits, and compensatory damages.

62. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

WHEREFORE, Plaintiff respectfully requests for the entry of a judgment against Defendant and an award of economic damages in the form of back-pay and front-pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages, and attorney's fees and costs as a result of Defendant's conduct in violation of Title VII.

## COUNT III
## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

63. Plaintiff reasserts his allegations in paragraph 1- 40 as fully set forth herein.

64. Plaintiff is a member of a protected class under the ADA.

65. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected Plaintiff to disability-based animosity.

66. Such discrimination was based upon the Plaintiff's disability in that the Plaintiff would not have been the object of discrimination but for the fact of his medical condition.

67. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

68. At all times material hereto, the employees exhibiting discriminatory conduct towards the Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

69. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

70. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

71. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

72. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

73. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

74. The American with Disabilities Act, 42 U.S.C. Sec. 12101, et seq., prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge or employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. Sec. 12112.

75. Plaintiff was fully qualified to be employed by Defendant and could perform all the essential function of the position held with Defendant.

76. Defendant is a covered employer to which the ADA applies.

77. Defendant constructively discharged and disqualified Plaintiff form employment because of Plaintiff's disability.

78. Defendant made no individualized assessment to determine whether Plaintiff could perform the essential functions of the job and be employed by Defendant, or whether a reasonable accommodation would enable him to be employed by Defendant, as required under the ADA.

79. Defendant's constructive discharge and disqualification of Plaintiff on the basis of his disability and Defendant's failure to make an individualized assessment to determine whether Plaintiff could be employed or whether a reasonable accommodation would enable him to be employed by Defendant violated the ADA.

80. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer both economic and non-economic harm.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree the Defendant has violated the ADA, and has willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.  Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
## DISABILITY DISCRIMINATION IN VIOLATION OF THE FCRA

81. Plaintiff reasserts his allegations in paragraph 1- 40 as fully set forth herein.

82. Plaintiff is a member of a protected class under the FCRA.

83. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

84. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff suffered a work-related injury/medical condition.

85. Defendant's conduct complained of herein is willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

86. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

87. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

88. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

89. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

90. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice and reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law to punish the Defendant for its actions and to deter it, and others from such action in the future.

91. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

    a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and pre-judgment interest at amounts to be provided at trial for the unlawful employment practices described herein;

    c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## **JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Respectfully submitted

GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088

By: _____
Elvis J. Adan, Esq.
Fla. Bar No.: 24223